IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHELE CHERIE CHAPMAN MOORE, | ) ) ) | 8:09CV285 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| JOYCE PLOCK, et al., | ) ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on August 20, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter on August 20, 2009, against the State of Nebraska, the York Penitentiary for Women and five individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Omaha, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that she was a prisoner at the York Penitentiary for Women. (*Id*. at CM/ECF p. 4.) During her incarceration Plaintiff slipped and fell in the dishwashing room because "no one would let [her] have the rubber mats . . . ." (*Id*.) The fall injured her neck and caused "pain and suffering." (*Id*. at CM/ECF p. 8.) After she was released, she underwent surgery. (*Id*.) Plaintiff seeks monetary damages in the amount of $1,000,000.00. (*Id*. at CM/ECF p. 6.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

*A.     Sufficiency of Allegations Against Defendant Jamey Odell*

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that

-2-

defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Here, Plaintiff names Jamey Odell as a Defendant in the caption of her Complaint, but does not allege that Odell committed a specific act within the body of the Complaint. Because Plaintiff fails to allege Odell was personally involved, Plaintiff's Complaint fails to state a claim against Odell upon which relief may be granted.

B.     *Plaintiff's Claims Against the State*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which

employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues three individual state employees: Nebraska Governor Dave Heineman, Nebraska Department of Correctional Services Director Robert Houston, and Nebraska state employee Joyce Plock (collectively the "State Employees"). (Filing No. 1 at CM/ECF pp. 1, 8.) Plaintiff does not specify the capacity in which she sues these individual State Employees. Thus, the court will assume that Plaintiff sues the State Employees in their official capacities only. Plaintiff also sues the State of Nebraska and the York Penitentiary for Women, a state instrumentality. (*Id*. at CM/ECF p.1.) Plaintiff only seeks monetary relief. (*Id*. at CM/ECF p. 6.)

As set forth above, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and employees of a state sued in their official capacities. Consequently, Plaintiffs claims against the State Employees in their official capacities, the State of Nebraska and the York Penitentiary for Women are barred by the Eleventh Amendment. In light of this, Plaintiff's claims the State Employees, the State of Nebraska and the York Penitentiary for Women are dismissed.

    C.    *Plaintiff's Claims Against Defendant Ryan Mahr*

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Plaintiff's only allegations against Defendant Mahr are that he "asked her to go to the hospital and see Dr. Vora." (Filing No. 1 at CM/ECF p. 17.) Even under the most liberal construction, this claim does not allege that Mahr violated Plaintiff's constitutional rights. Further, this allegation does not allow the court to draw a reasonable inference that Mahr is somehow liable for Plaintiff's slip and fall injury. Therefore, Plaintiff's Claims against Mahr are dismissed without prejudice for failure to state a claim upon which relief may be granted.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's claims against Joyce Plock, the State of Nebraska, York Penitentiary for Women, Dave Heineman, Robert Houston, Ryan Mahr and Jamey Odell are dismissed without prejudice.

    2.    A separate Judgment will be entered in accordance with this Memorandum and Order.

October 19, 2009.                BY THE COURT:

s/ Joseph F. Bataillon  
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.